PRICE PARKINSON & KERR PLLC
Jason M. Kerr (8222)
(jasonkerr@ppktrial.com)
John P. Snow (10735)
(johnsnow@ppktrial.com)
5742 W. Harold Gatty Dr.
Salt Lake City, Utah 84116
Telephone: (801) 530-2900
Facsimile: (801) 530-2957

Attorneys for Plaintiff.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| FITCO, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>NUTRA LIFE BRANDS, LLC, a Florida corporation,<br><br>Defendant. | **COMPLAINT**<br><br>Case No. 2:15-CV-00371-EJF<br><br>Judge: Evelyn J. Furse |

Plaintiff FitCo, LLC ("Plaintiff") complains of Defendant Nutra Life Brands, LLC ("Defendant") as follows:

## INTRODUCTION

Defendant tricks consumers into purchasing its weight loss products by website that mimics and relies on the goodwill of the *Shape* magazine official website. Defendant's website is designed to lure consumers by making them think that they are viewing the *Shape* magazine

website.  Defendant's website is in fact no more than a front to lure unwitting consumers into buying Defendant's products while relying on the credibility of *Shape* magazine and well-known celebrities.

Plaintiff is a competitor of Defendant and manufactures and distributes its own weight loss products.  Plaintiff develops, manufactures, and markets various health and fitness products under its BodyLab® brand.  Plaintiff has invested substantial time, money, and effort into developing and marketing its BodyLab® brand and related products.  Plaintiff operates a website on which it posts information about the health and fitness benefits of the BodyLab® products and other related health and fitness information.  Plaintiff has never attempted to pass off one of its own websites as that of a major magazine or any other entity.  Plaintiff stands behind the strength of its own products.  If Plaintiff wants to have the benefit of being featured in Shape magazine or any other major magazine, it pays for its advertising space and engages in no deceptive practices.

Defendant, on the other hand, is engaged in attempting to pass off its own website as the website of another, and uses this deception to divert consumers to other websites that it operates on which it sells its products Garcinia Cambogia Slim and Pure Detox Max to the unwitting consumers.  Defendant's *Shape* magazine website knockoff leads an unwitting internet browser to believe that *Shape* has endorsed or otherwise approves of Defendant's products.  Defendant accordingly is reaping the benefit of the association with a well-known magazine without paying for it, giving it an unfair advantage over its competitors, including Plaintiff.

Defendant's actions violate the Lanham Act and other doctrines and entitle Plaintiff to the relief set forth below.

# PARTIES, JURISDICTION, AND VENUE

1. Plaintiff FitCo, LLC ("Plaintiff") is a limited liability company organized and existing under the laws of the State of Utah. Its principal place of business is located at 5742 West Harold Gatty Drive in Salt Lake City, Utah. It is the owner of the intellectual property associated with the BodyLab® brand and products.

2. Defendant Nutra Life Brands, LLC ("Defendant") is, on information and belief, a limited liability company organized and existing under the laws of Florida. On information and belief, it sells, warehouses, and ships this product from a location in Florida.

3. Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. § 1338 and the Lanham Act, 15 U.S.C. § 1121.

4. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367, in that the state law claims are integrally related to the federal claims and arise from a common nucleus of operative facts, such that the resolution of all claims herein is in the interests of judicial economy. The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds the requisite amount.

5. The Court has personal jurisdiction over Defendant pursuant to the Utah Long-Arm Statute, Utah Code Ann. § 78B-3-201 because Defendant has engaged in tortious activity causing injury in this state. Specifically, the Defendant's actions have harmed Plaintiff, whose principal place of business is in Salt Lake County, Utah.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## GENERAL ALLEGATIONS

**The BodyLab® Brand**

7. Plaintiff is engaged in the business of marketing and selling fitness and health products, including products marketed under its BodyLab® brand.

8. BodyLab® products are desired by customers and are supported by credible scientific evidence.

9. Plaintiff's BodyLab® products are formulations based upon scientific studies and other data and and are formulated to be safe and effective. They are formulated especially for women's bodies. In addition, Plaintiff invests substantial sums to assure that its BodyLab® products are manufactured to very high standards so that these products meet or exceed the quality and other characteristics of the compounds identified in the scientific literature, which support the products' efficacy.

10. Plaintiff is so confident in its business model that for every BodyLab® product it develops and brings to market it offers a 100% money-back guarantee. All a consumer need do if dissatisfied with the product for any reason is, in accordance with the guarantee, return the unused portion for a full refund. Plaintiff always honors and fulfills its 100% money-back guarantee in accordance with the terms of that guarantee.

11. Plaintiff sells its BodyLab® products through its BodyLab® website (www.bodylab.com), to retailers that market and sell to consumers throughout the United States, and through independent distributors located throughout the United States.

12. Plaintiff advertises and promotes its BodyLab® products in numerous print media in national circulation, on the BodyLab® website, and on third party websites.

13. Plaintiff uses its BodyLab® website not only to promote BodyLab® branded products but also to promote general health and fitness and healthy lifestyle in general.

14. Plaintiff markets and sells its BodyLab® products under the trademark BodyLab® through such prestigious retail outlets as Walgreens, WalMart, Kohls, CVS and others.

15. Plaintiff has expended a great deal of time, effort, and money to market, advertise, and promote its BodyLab® brand and products.

16. Plaintiff has paid to have its products advertised in various magazines.

17. Plaintiff's BodyLab® products have developed a reputation of high quality and goodwill in the industry and the consuming public.

**Defendant's Websites and Products**

18. Defendant owns and operates the website "http://shapemag.celebritybeauty.me/special_report_jlo_stomach_fat_slimming_secret/?voluumdata=vid..00000000-43aa-442d-8000-000000000000__vpid..68c8e000-fd55-11e4-80c5-db7122e274b8__caid..f7915fc3-bb3a-489c-b5eb-131f4c256ab0__rt..D__lid..b450b6c5-53c4-4267-90df-82b48550de73__oid1..289bd419-f73b-4fc1-9233-1c18df2806d3__oid2..4abbfba1-9c6d-4280-83c6-93a18070c1db__var1..p3bm%5C_%5C3__var2..%5Baep%5D__rd..golden couragecrossfitgym%5C.%5Ccom&ad=p3bm_3&aep=%5Baep%5D" (the "Fake Shape Site").

19. Attached hereto as Exhibit A are a series of screen image captures that are true and correct copies of the content on the main page (the "Main Page") of the Fake Shape Site (the first page an internet browser sees upon going to the Website).

20. The Fake Shape Site and its Main Page are designed to mimic the actual website of *Shape* magazine.

21. Attached hereto as <u>Exhibit B</u> are a series of screen image captures that are true and correct copies of the content on the main page of the actual *Shape* magazine website, "www.shape.com" (the "Real *Shape* Site").

22. The Fake Shape Site uses the same color scheme as the Real *Shape* Site.

23. The Fake Shape Site has listed the same categories and links at the top of the page as the Real *Shape* Site, including categories such as "Fitness," "Healthy Eating," "Weight Loss," "Lifestyle," "Celebrities," etc.

24. The Fake Shape Site uses the same font at the top of the page for the various category links as does the Real *Shape* Site.

25. The various categories listed have links that, if clicked on, takes the internet browser to other internet pages.

26. None of the links, however, take the internet browser to any official *Shape* magazine content.

27. Instead, the clicking of any of the various links on the Fake Shape Site takes the internet browser to one of two other webpages operated by Defendant.

28. Attached as <u>Exhibit C</u> are a series of screen image captures that are true and correct copies of the content of the website "https://www.garciniacambogia-slim.com/heightorange4/index.php?click_id=d1R8OGT7U1SJ8JCL0829D04O&AFFID=_No_Pixel" (the "Garcinia Website"), one of the two websites to which the internet browser is directed after clicking on the various links on the Main Page of the Fake Shape Website.

29. Attached as <u>Exhibit D</u> are a series of screen image captures that are true and correct copies of the content of the website "https://www.puredetoxmax.com/bishorange4/index.php?click_id=dH4N7654882UIJCLG5ANC4FU&AFFID=_No_Pixel" (the "Detox Website"), the other of the two websites to which the internet browser is directed after clicking on the various links on the Main Page of the Fake Shape Website.

30. Neither the Garcinia Website nor the Detox Website has anything to do with *Shape* magazine.

31. Shape magazine does not own, operate, or endorse the Fake Shape Website, the Garcinia Website, or the Detox Website.

32. The Garcinia Website offers for sale Defendant's "Garcinia Cambogia Slim" product.

33. Defendant markets its Garcinia Cambogia Slim product as a weight-loss product that, among other things, "Burns Fat Quickly," "Suppresses Appetite," and "Block[s] Fat Formation."

34. The Detox Website offers for sale Defendant's "Pure Detox Max" product.

35. Defendant markets its Pure Detox Max product as a weight-loss product that allows the consumer to, among other things, "Achieve a Tighter Body," "Increase Energy Naturally," "Promote Healthy Longevity," and "Flatten Your Stomach."

36. The Garcinia Website and the Detox Website have various links embedded throughout, and all of them take the browser to a place where Defendant's products may be ordered and purchased.

37. Plaintiff is a direct competitor of Defendant.

38. Plaintiff's products are designed to aid the consumer with weight-loss goals and healthy living.

39. Defendant also markets its products as products designed to aid the consumer with weight-loss goals and healthy living.

40. Defendant has no right to use *Shape* magazine trademarks, trade dress, copyrights, images, articles, advertisements, or any other intellectual property associated with *Shape* magazine.

41. Defendant's actions have damaged Plaintiff because Plaintiff's Fake Shape Website gives Defendant an unfair advantage in that it confuses consumers into thinking that Defendant has the support, credibility, and endorsement of a major fitness magazine when in fact it does not.

**FIRST CLAIM FOR RELIEF**
**(Unfair Competition in violation of Lanham Act 15 U.S.C. § 1125(a)(1)(A)**

42. Plaintiff realleges paragraphs 1 through 41 of this Complaint as if set forth in full herein.

43. Defendant has without authorization, on or in connection with the promotion and sale of its goods in interstate commerce, made or contributed to the making of representations of fact which are likely to cause confusion, or to cause mistake, or to deceive purchasers and potential purchasers into believing that Defendant's Fake Shape Website and the products that it and Defendant's Garcinia Website and Detox Website offer for sale are operated, owned, and/or otherwise endorsed by *Shape* magazine.

44.     Defendant's acts constitute unfair competition and passing off, and/or induce or contribute to acts of unfair competition and passing off.

45.     Upon information and belief, Defendant's acts of unfair competition and passing off have led to, among other things, initial interest confusion in consumers stemming from Defendant's unlawful use of Shape magazine's intellectual property and deliberate, unauthorized mimicry of the Real *Shape* Website.

46.     Upon information and belief, Defendant's acts of unfair competition and passing off have deceived and, unless restrained, will continue to deceive the public, including consumers and retailers, and have injured and unless constrained will continue to injure Plaintiff and the public, including consumers and retailers, causing damages to Plaintiff in an amount to be determined at trial and other irreparable injury to the goodwill and reputation of Plaintiff and its products.

47.     Upon information and belief, Defendant's acts of unfair competition are willful, intentional and egregious and make this an exceptional case within the meaning of 15. U.S.C. §1117(a).

48.     Plaintiff has no adequate remedy at law to compensate it for all the damages the Defendant's wrongful acts have and will cause.

## SECOND CLAIM FOR RELIEF
### (Injunctive Relief)

49.     Plaintiff realleges paragraphs 1 through 41 of this Complaint as if set forth in full herein.

50. Defendant has engaged in deceptive trade practices in violation of the Lanham Act.

51. Defendant's acts will continue to deceive the public, including consumers and retailers, unless the Court enjoins Defendant from using *Shape* magazine's intellectual property or otherwise attempting to pass itself or its products off as being supported and/or endorsed by *Shape* magazine or from engaging in any other false advertising with regard to passing itself off as being the website of another entity or engaging in any other unfair competition based upon false and misleading or confusing statements related to Defendant's websites and products.

### THIRD CLAIM FOR RELIEF
### (Declaratory Relief)

52. Plaintiff realleges paragraphs 1 through 41 of this Complaint as if set forth in full herein.

53. Based on the allegations contained in this Complaint, there is a present and actual need for a judicial declaration.

54. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Plaintiff is entitled to and hereby moves the Court for a judgment declaring that:

    a. Defendant's advertising is illegal, confusing, likely to confuse or otherwise misleading.

    b. Plaintiff has a legally protectable interest in preventing Defendant's advertising.

    c. Plaintiff has suffered real harm as a result of Defendant's advertising.

      d.      Defendant's advertising is likely to confuse the public into believing that Defendant's Fake Shape Website is the actual *Shape* magazine website.

      e.      Defendant should pay Plaintiff its attorneys' fees and costs incurred in prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.      A permanent injunction against Defendant, its officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with it who receive actual notice of the injunction by personal service or otherwise, enjoining and restraining them from directly or indirectly:

      1.      Operating the Fake Shape Website;

      2.      Operating any website that attempts to mimic, without authorization, the website of another; or

      3.      Publishing, displaying, distributing, disseminating or using, or permitting or entering into or performing any agreement for the publication, display, distribution, or use of any trademarked and/or copyrighted images, advertisements, articles, or products not belonging to Defendant.

B.      An order requiring Defendant to immediately remove its Fake Shape Website, including by not limited to its Main Page.

  C. Judgment on all claims for the damages suffered by Plaintiff as a result of Defendant's unfair competition and deceptive acts and practices, in an amount to be determined at trial.

  D. Judgment directing an accounting by Defendant of its profits by reason of its unfair competition and deceptive acts and practices.

  E. Judgment on the First (Unfair Competition under the Lanham Act) claim for relief trebling Plaintiff's recovery pursuant to 15 U.S.C. § 1117, as a result of Defendant's willful and intentional violations.

  F. Judgment on the First (Unfair Competition under the Lanham Act) claim for relief awarding Plaintiff's reasonable attorneys fees in this action, pursuant to 15 U.S.C. § 1117.

  G. Judgment awarding Defendant's profits to Plaintiff, and awarding damages sustained by the Plaintiff and the costs of the action.

  H. Judgment for punitive damages as a result of Defendant's outrageous conduct and willful and intentional violations.

  I. Judgment on all claims awarding Plaintiff's costs and attorney's fees in this action.

  J. Declaratory relief as requested.

  K. Injunctive Relief as requested.

  L. Such other relief as the Court may deem just and equitable.

DATED this _____ day of October, 2015.

                                                           PRICE PARKINSON & KERR

                                                           By:_____
                                                                Jason M. Kerr
                                                                Attorney for Plaintiff

Plaintiff's Address:
5742 W. Harold Gatty Dr.
Salt Lake City, Utah 84116